UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA CARTER,

    Plaintiff,

v.                                                                               Case No: 8:22-cv-1784-JSM-AEP

TRACTOR SUPPLY COMPANY,

    Defendant.
_____

**ORDER**

THIS CAUSE is before the Court upon Plaintiff's Motion to Remand (Dkt. 10) and Defendant's Response in Opposition (Dkt. 12). Upon review of the motion, response, and being otherwise advised in the premises, the Court concludes that the motion should be denied because Defendant established that the parties are diverse and the amount in controversy exceeds $75,000 by a preponderance of the evidence.

**BACKGROUND**

This is a slip and fall case arising out of an alleged accident that occurred on Defendant's premises. The case was initially filed in the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida.

Defendant Tractor Supply Company timely removed the action to this Court on August 5, 2022. (Dkt. 1). The Notice of Removal states that the Court has diversity jurisdiction because the amount in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states. With respect to the amount in controversy,

Defendant relies on the allegations of the Complaint, to the extent that they delineate extensive damages, including permanent injury and disfigurement. Defendant also relies on Plaintiff's pre-suit demand of $100,000, which included supporting documentation of Plaintiff's medical expenses.

Now, Plaintiff moves to remand, solely asserting that Defendant failed to meet its burden that the amount in controversy exceeds $75,000.

## MOTION FOR REMAND STANDARD

Where the alleged basis for federal jurisdiction is diversity, the removing defendant has the burden of demonstrating (1) complete diversity of citizenship and (2) an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a); *see McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 179, 189 (1936) (holding that the party who seeks federal jurisdiction must establish jurisdictional facts). The defendant must prove these jurisdictional facts by a preponderance of the evidence. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citation omitted). Thus, the defendant must prove only that the amount in controversy "more likely than not" exceeds the jurisdictional amount. *Id.* It need not prove the amount in controversy "beyond all doubt or banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

In determining the amount in controversy, a court should look first to the complaint. *Id.* When, as here, damages are not specified in the state-court complaint, the defendant seeking removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)). If, however, a "plaintiff contests the

2

defendant's allegation... '[R]emoval...is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Id.* at 553-54 (quoting 28 U.S.C. § 1446(c)(2)(B)); *see also Roe,* 613 F.3d at 1061.

When a defendant seeks to remove the case to federal court within the first thirty days of service, it is not limited in the types of evidence it can use to establish the amount in controversy. *Pretka*, 608 F.3d at 767. A defendant can provide an affidavit, declaration, or other documentation, *id*. at 755; it can also satisfy its burden by submitting evidence of damages from comparable cases, *Schmidt v. Pantry, Inc.*, No. 1:11-CV-228-SPM-GRJ, 2012 WL 1313490, at *3 (N.D. Fla. Mar. 6, 2012). Furthermore, district courts are permitted to make "reasonable deductions, . . . inferences, [and] . . . extrapolations" and need not "suspend reality" in determining whether a party has established the jurisdictional amount. *Roe*, 613 F.3d at 1061–62 (citation and internal quotation marks omitted). "[C]ourts may use their judicial experience and common sense in determining whether the case . . . meets federal jurisdictional requirements." *Id*. at 1062.

## **DISCUSSION**

Upon review of the relevant filings, the Court concludes Plaintiff's motion to remand is without merit. Defendant's Notice of Removal relies on the allegations of the Complaint, Plaintiff's settlement demand, and Plaintiff's medical documentation to establish the amount in controversy exceeds $75,000. Notably, Plaintiff's medical records recommend a complex surgery, specifically, reverse total shoulder arthroplasty, with an estimated cost in excess of $75,000.00. Rather than challenge this evidence, Plaintiff

3

vaguely contends that the case is not worth more than $75,000, which is insufficient. Plaintiff also relies on outdated and inapplicable case law as Defendant points out in more detail in its response.

"This has become an all too familiar story: a case worth in excess of $100,000 when filed in state court becomes a case worth less than $75,000 when removed to federal court." *Becker v. Progressive Am. Ins. Co.*, No. 617CV114ORL31TBS, 2017 WL 735404, at *1 (M.D. Fla. Feb. 24, 2017) (citing *Yetter v. Amica Mut. Ins. Co.*, No. 6:13–CV–972–ORL–31, 2013 WL 3837185 (M.D. Fla. July 24, 2013); *Jankovic v. Progressive Am. Ins. Co.*, No. 6:14–CV–530–ORL–31, 2014 WL 5593541 (M.D. Fla. May 9, 2014)). Defendant's evidence—combined with the Court's experience and common sense—reflect that the amount in controversy "more likely than not" exceeds the jurisdictional amount.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand (Dkt. 10) is denied.

**DONE** and **ORDERED** in Tampa, Florida, on October 4, 2022.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record